

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: DICAMBA HERBICIDES LITIGATION            MDL No. 2820

TRANSFER ORDER

**Before the Panel:** Plaintiffs in an action pending in the Southern District of Illinois (*Warren*) move to centralize nine actions in the Southern District of Illinois. The actions are pending in the Eastern District of Arkansas (two actions), the Southern District of Illinois, the District of Kansas, the Eastern District of Missouri (four actions), and the Western District of Missouri, as listed on the attached Schedule A. The Panel has been informed of two additional federal actions involving related issues.[1]

All responding plaintiffs support centralization, but differ somewhat as to an appropriate transferee district, with plaintiffs variously advocating, either in the first instance or the alternative, the Eastern District of Arkansas, the Southern District of Illinois, the District of Kansas, or the Eastern District of Missouri. In addition, plaintiffs in the Eastern District of Missouri *Bader Farms* action, as well as a number of other plaintiffs, ask that we exclude that action from the centralized proceedings, citing its somewhat advanced status. Responding defendants Monsanto Company (Monsanto), BASF Corporation (BASF), E.I. du Pont de Nemours and Company (DuPont), and Pioneer Hi-Bred International (Pioneer) all oppose centralization. If the Panel orders centralization over their objections, Monsanto, DuPont, and Pioneer favor the Eastern District of Missouri as transferee district, and BASF argues for either the Eastern District of Missouri or the Eastern District of Arkansas.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization in the Eastern District of Missouri will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The actions share factual questions arising from allegations concerning the development, testing, and marketing of Monsanto's dicamba-resistant Xtend seeds and three dicamba herbicides – XtendiMax, Engenia, and FeXapan[2] – as well as allegations of injury from the use of those herbicides, either alone or in conjunction with the Xtend seeds. Centralization will eliminate

---

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] According to plaintiffs, Monsanto and BASF jointly developed, tested, and manufactured the three herbicides, and that Monsanto's XtendiMax and FeXapan, which is marketed by DuPont, are identical.

-2-

duplicative discovery, the possibility of inconsistent rulings on class certification, *Daubert* motions, and other pretrial matters, and conserve judicial and party resources. In particular, discovery concerning the development, testing, marketing, and regulatory histories of the herbicides and seed products – including expert discovery on such matters as the chemical composition of the herbicides and the mechanism of injury – appears likely to be extensive. Plaintiffs' allegations that defendants conspired with one another to conceal the risks and misrepresent the characteristics of their products to regulators and the public also may necessitate significant discovery into defendants' various business agreements and arrangements.

In opposing centralization, defendants argue that each of the involved cases will turn on a myriad of plaintiff-specific issues, such as the type and location of the allegedly damaged crops, the symptoms exhibited by those crops, other possible causes of those symptoms, identification of the culprit herbicide, the conditions under which the herbicide was applied, and substantiation and quantification of damages. But, the existence of such issues, which is relatively commonplace in multidistrict cases, does not negate the common ones, which here are sufficiently numerous, substantial, and complex to warrant creation of an MDL. *See, e.g., In re: Cook Med., Inc., IVC Filters Mktg., Sales Practices & Prods. Liab. Litig.*, 53 F. Supp. 3d 1379, 1380 (J.P.M.L. 2014) (centralizing litigation over defendants' argument that "the unique facts of each individual plaintiff's case w[ould] predominate over common facts"). If the litigation progresses to the point where the transferee judge determines that the further adjudication of certain claims or actions should occur in the transferor districts, he is free to suggest remand under Section 1407. *See* Panel Rule 10.2(a).

We select the Eastern District of Missouri as the transferee district. Four of the constituent actions, as well as one tag-along, are pending in that district, and its selection is supported by numerous plaintiffs, as well as all defendants (albeit in the alternative). Monsanto is headquartered in the Eastern District of Missouri, and it represents that various relevant activities took place there, including research and development of Xtend seeds and XtendiMax, submission of relevant regulatory filings, and oversight of the commercial launch of those products. Judge Stephen N. Limbaugh, Jr., to whom we assign the litigation, is an experienced jurist, who already is presiding over the two earliest-filed actions in this litigation.[3] We are confident that he will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Eastern District of Missouri are transferred to the Eastern District of Missouri, and, with the

---

[3] Our decision to centralize this litigation in the Eastern District of Missouri moots the request by certain plaintiffs to exclude *Bader Farms* from the MDL, as that action already is assigned to Judge Limbaugh. *See In re: Optical Disk Drive Prods. Antitrust Litig.*, 701 F. Supp. 2d 1382, 1383 (J.P.M.L. 2010) (explaining that issue of whether to include related FOIA action in the centralized proceedings was "moot, from the Panel's perspective," given the Panel's decision to centralize the litigation in the district where the FOIA action was pending).

-3-

consent of that court, assigned to the Honorable Stephen N. Limbaugh, Jr., for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell    Charles R. Breyer
Lewis A. Kaplan    Ellen Segal Huvelle
R. David Proctor    Catherine D. Perry

**IN RE: DICAMBA HERBICIDES LITIGATION**          MDL No. 2820

## SCHEDULE A

<u>Eastern District of Arkansas</u>

WHITEHEAD FARMS, ET AL. v. MONSANTO COMPANY, ET AL.,
    C.A. No. 2:17-00168
BRUCE FARMS PARTNERSHIP, ET AL. v. MONSANTO COMPANY, ET AL.,
    C.A. No. 3:17-00154

<u>Southern District of Illinois</u>

WARREN, ET AL. v. MONSANTO COMPANY, ET AL., C.A. No. 3:17-00973

<u>District of Kansas</u>

CLAASSEN, ET AL. v. MONSANTO COMPANY, ET AL., C.A. No. 6:17-01210

<u>Eastern District of Missouri</u>

BADER FARMS, INC., ET AL. v. MONSANTO COMPANY, C.A. No. 1:16-00299
LANDERS, ET AL. v. MONSANTO COMPANY, C.A. No. 1:17-00020
SMOKEY ALLEY FARM PARTNERSHIP, ET AL. v. MONSANTO
    COMPANY, ET AL., C.A. No. 4:17-02031
COW-MIL FARMS, INC. v. MONSANTO COMPANY, C.A. No. 4:17-02386

<u>Western District of Missouri</u>

HARRIS v. MONSANTO COMPANY, ET AL., C.A. No. 3:17-05262